Johnston, Chancellor.
A majority of the Court is of opinion that the plaintiffls appeal cannot be sustained.
The opinion of the Court (in which, to avoid being misconceived, I state that I do not concur) is, that a mortgagee of personalty does not fall within the principle which prevents a trustee to sell from buying at his own sale. It is my province to state the reasons which have conducted my brethren to this conclusion.
*694.1 *4. cre(frt°r bolding a mortgage security is a trustee to sell, not -I only for the benefit of the mortgagor, but for his own also. If he were not at liberty to bid, he would be deprived of the means of protecting his own interests as creditor. The mortgagor is at liberty to bid also, and has thus the means of entering into fair competition with the mortgagee, and compelling him to give a fair and full price.
But the Court is of opinion, that although a mortgagee does not stand in that relation to the mortgagor which would subject him to an order setting aside, as of course, his purchase at his own sale ; yet that he holds such a trust character, as to throw the burden on him of supporting his purchase by proof of fairness.
In this case, the Commissioner and Chancellor have drawn an inference from the evidence before them, that there was no actual fraud in the sale ; and they appear to be well warranted in their conclusion.
Chancellors De Saussure, Johnson and Harper, concurred.